Estado Libre Asociado de Puerto Rico
**TRIBUNAL DE APELACIONES**
**PANEL VIII**

| | | |
|---|---|---|
| Zaribel Ortiz Sierra<br><br>Peticionaria<br><br>vs.<br><br>Good Vibes Gastronomic, Inc.; Shaquille Sánchez Tanco, Compañías de Seguros A, B, C y Otros<br><br>Recurridos | KLAN202400674 | **APELACIÓN acogida como *CERTORARI*** procedente del Tribunal de Primera Instancia, Sala Superior de Carolina<br><br>Civil Núm.: CA2023CV02644<br><br>Sobre: Enriquecimiento Injusto, Daños |

Panel integrado por su presidente, el Juez Rivera Colón, el Juez Monge Gómez y el Juez Cruz Hiraldo.

Rivera Colón, Juez Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 18 de julio de 2024.

Comparece ante nos, la señora Zaribel Ortiz Sierra (en adelante, Sra. Ortiz Sierra o peticionaria), quien presenta recurso de apelación en el que solicita la revocación de la "Resolución" emitida el 20 de junio de 2024,[1] por el Tribunal de Primera Instancia, Sala Superior de Carolina. Mediante dicho dictamen, el foro primario declaró No Ha Lugar la solicitud de desestimación presentada por la peticionaria.

Tras examinar la naturaleza y procedencia del caso de autos, la apelación presentada ante nuestra consideración será acogida como un recurso de *Certiorari*, aunque conservará la clasificación alfanumérica asignada por la Secretaría de este Tribunal.

Luego de evaluar el escrito de la peticionaria, así como la evidencia documental anejada al mismo, prescindimos de la comparecencia de la parte recurrida, y procedemos a resolver.

---

[1] Notificada el 21 de junio de 2024.

Número Identificador

RES2024 _____

Regla 7 (b)(5) del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 7 (b)(5).

Examinada la solicitud de autos, la totalidad del expediente y el estado de derecho aplicable ante nuestra consideración, denegamos el recurso presentado mediante los fundamentos que expondremos a continuación.

**I.**

El 22 de agosto de 2023, la Sra. Ortiz Sierra presentó una "Demanda" por daños contra el señor Shaquille Sánchez Tanco (en lo sucesivo, Sr. Sánchez Tanco) y Good Vibes Gastronomic, Inc. (a continuación, GCG o recurrida). En resumen, alegó que éstos incumplieron con los términos de un contrato de arrendamiento, por lo que reclamó sobre $100,000.00 en daños, más intereses, gastos y honorarios de abogado.

En respuesta, el 23 de octubre de 2023, el Sr. Sánchez Tanco y GCG presentaron, en conjunto, una "Contestación a Demanda y Reconvención", y negaron la mayoría de las alegaciones contenidas en la reclamación. A su vez, GCG reconvino contra la peticionaria, y adujo que, esta última abandonó, sin justificación alguna, el vagón comercial alquilado antes de que venciera el contrato. Por esto, le reclamó 14 mensualidades adeudadas en concepto de cánones de arrendamiento, para un total de $35,000.00. Asimismo, solicitó el 10% de los cánones adeudados, por concepto de penalidad por mora. También, exigió el pago de $150,000.00 por sufrimientos y angustias mentales.

Ese mismo día, o sea, el 23 de octubre de 2023, el Sr. Sánchez Tanco y GCG presentaron, en conjunto, una "Moción de Desestimación Parcial", y argumentaron que la "Demanda" debía ser desestimada en cuanto al Sr. Sánchez Tanco, ya que éste no

compareció en su carácter personal en el contrato de arrendamiento suscrito entre la peticionaria y GCG.

Mediante "Orden" emitida el 25 de octubre de 2023,[2] el foro primario concedió a la Sra. Ortiz Sierra un término de 20 días para replicar a la solicitud de desestimación. El 10 de noviembre de 2023, la peticionaria solicitó una prórroga de 20 días adicionales para expresarse. Dicha solicitud fue declarada Ha Lugar mediante "Orden" emitida el 13 de noviembre de 2023.[3] Sin embargo, la Sra. Ortiz Sierra no replicó dentro del término concedido.

Ante ello, el 25 de enero de 2024,[4] el foro recurrido emitió una "Sentencia Parcial", y declaró Ha Lugar la "Moción de Desestimación Parcial" presentada por el Sr. Sánchez Tanco y GCG. Así, ordenó el archivo de la causa de acción para con el Sr. Sánchez Tanco.

Advenido final y firme el dictamen, el 14 de junio de 2024, la Sra. Ortiz Sierra presentó una "Moción Solicitando Desestimación", y sostuvo que, por haberse desestimado la "Demanda" contra el Sr. Sánchez Tanco, éste no tendría legitimidad para reconvenir. Por ende, afirmó que no existe una reclamación que justifique la concesión de un remedio a su favor.

En igual fecha, entiéndase, el 14 de junio de 2024, GCG presentó una "Moción en Oposición a Solicitud de Desestimación", y esgrimió que, tanto la solicitud de desestimación, así como la reconvención, las presentaron el Sr. Sánchez Tanco y GCG en conjunto.

Evaluadas las posturas de ambas partes, el 20 de junio de 2024,[5] el Tribunal de Primera Instancia emitió una "Resolución" mediante la cual declaró No Ha Lugar la "Moción Solicitando Desestimación" presentada por la peticionaria.

---

[2] Notificada ese mismo día.
[3] Notificada en igual fecha.
[4] Notificada el 26 de enero de 2024.
[5] Notificada el 21 de junio de 2024.

Inconforme con el dictamen, la Sra. Ortiz Sierra recurre ante este foro apelativo intermedio, y señala la comisión del siguiente error, a saber:

> *Erró el Tribunal de Primera Instancia al determinar que no procede la desestimación las alegaciones contenidas en una reconvención en cuanto al un* [sic] *co-demandado que solicitó se desestimara la demanda en su contra por no haber formado parte del contrato que da base a la radicación del pleito.*

**II.**

El recurso de *Certiorari* es el mecanismo procesal utilizado para revisar aquellas resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia. La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, R. 52.1, dispone que, como norma general, dicho recurso solo será expedido por este Tribunal de Apelaciones en dos instancias, a saber: (1) cuando se recurra de una resolución u orden bajo las Reglas 56 y 57; o (2) cuando se recurra de la denegatoria de una moción de carácter dispositivo.

No obstante lo anterior, y a modo de excepción, este foro apelativo intermedio podrá revisar órdenes o resoluciones interlocutorias dictadas por el foro primario cuando se recurra de lo siguiente: (1) decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales; (2) asuntos relativos a privilegios evidenciarios; (3) anotaciones de rebeldía; (4) en casos de relaciones de familia; y (5) en casos que revistan interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. *Íd.*

Por su parte, nuestro Alto Foro ha expresado que el auto de *Certiorari* constituye un vehículo procesal discrecional que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. *Torres González v. Zaragoza Meléndez*, 211 DPR 821, 846-847 (2023). Si bien el auto de *Certiorari* es un vehículo procesal extraordinario de carácter discrecional, al atender el

recurso no debemos "hacer abstracción del resto del Derecho". *Mun. de Caguas v. JRO Construction*, 201 DPR 703, 711 (2019). Así, a los fines de ejercer sabiamente nuestra facultad discrecional en la consideración de los asuntos planteados mediante dicho recurso, la Regla 40 del Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B, R. 40, imparte que esta segunda instancia judicial tomará en consideración los siguientes criterios al determinar si procede o no la expedición de un auto de *Certiorari*:

> *(A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.*
>
> *(B) Si la situación de hechos planteada es la más indicada para el análisis del problema.*
>
> *(C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.*
>
> *(D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.*
>
> *(E) Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.*
>
> *(F) Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.*
>
> *(G) Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.*

### III.

Luego de considerar el recurso ante nos, determinamos que no están realmente presentes en este caso los criterios esbozados por la Regla 40 de nuestro Reglamento, *supra*, por lo que no amerita nuestra intervención. En consecuencia, denegamos la expedición del auto de *Certiorari*.

A pesar de que este Tribunal de Apelaciones no tiene la obligación de fundamentar su determinación al denegar un recurso de *Certiorari*, en ánimo de disipar cualquier duda, abundamos.

Según revela el tracto procesal discutido, el Tribunal de Primera Instancia desestimó la "Demanda" presentada contra el Sr. Sánchez Tanco, en su carácter personal. Por este motivo, la peticionaria solicitó que se desestimara la reconvención presentada en su contra.

Lo cierto es que, tras una minuciosa lectura de la "Contestación a Demanda y Reconvención", **el Sr. Sánchez Tanco y GCG se opusieron**, **en conjunto**, **a la "Demanda"**, **y presentaron sus respectivas defensas afirmativas**. Es por esto que, el lenguaje de la oposición, cuando les menciona en conjunto, los nombra como "los demandados" o "los co-demandados".[6] Ahora bien, no albergamos duda de que **fue GCG**, **exclusivamente**, **quien presentó la reconvención**. Esto es evidente cuando, en la primera alegación, se indica que la corporación es la "parte co-demandada-reconveniente", y a lo largo del escrito a quien único se hace referencia es al "co-demandado-reconveniente".

Por ende, aun cuando el Sr. Sánchez Tanco y GCG se opusieron, en conjunto, a la "Demanda", fue CGC quien presentó la reconvención. De este modo, actuó de forma razonable el foro *a quo* al negarse desestimar la supuesta reconvención presentada por el Sr. Sánchez Tanco en su carácter personal, **pues**, **como ya indicamos**, **este nunca reconvino**.

No albergamos duda de que GCG, como corporación con personalidad jurídica propia, posee facultad para demandar y ser demandada bajo su nombre corporativo. Véase, Art. 2.02 de la Ley Núm. 164-2009, 14 LPRA sec. 3522. Siendo CGC parte del pleito, y teniendo legitimación activa para reconvenir, no procedía desestimar la reconvención presentada por esta.

---

[6] Véase, por ejemplo, pág. 3 del escrito.

**Le corresponderá al foro recurrido determinar si proceden o no los daños económicos reclamados en la reconvención**, **y si la corporación, en estricto derecho**, **es capaz de sufrir y reclamar daños morales**.

En este sentido, la determinación del foro *a quo* es razonable y, en consecuencia, no amerita nuestra intervención. Por tanto, ante la ausencia de alguno de los criterios contemplados en la Regla 40 de nuestro Reglamento, *supra*, este foro apelativo deniega la expedición del presente recurso.

**IV.**

Por los fundamentos expuestos, los que hacemos formar parte de este dictamen, denegamos el recurso de *Certiorari* solicitado por la señora Zaribel Ortiz Sierra.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.


Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones